## SHIPMAN v. FRECH.[1]

*(Common Pleas of New York City and County, General Term.* February 4, 1889.)

**1. EVIDENCE—HEARSAY—DECLARATIONS—RES GESTÆ.**
Where the issue between the parties is as to the right to commissions for the sale of real estate, the declarations of the owner of the property sold, made some time after the sale had been effected, and in the absence of defendant, to the effect that he thought plaintiff was entitled to the commissions, are inadmissible.[2]

**2. SAME—CONTRADICTION BY DECLARANT.**
Error in admitting such evidence is not cured by the fact that defendant afterwards called as a witness, the owner, who denied that he made the declarations attributed to him.

Appeal from city court, general term.

Action by Hamilton W. Shipman against Theodore W. Frech. The general term of the city court affirmed the judgment of the trial term in favor of plaintiff. Defendant appeals.

Argued before LARREMORE, C. J., and ALLEN and BOOKSTAVER, JJ.

*John C. Show,* for appellant. *P. Van Alstine,* for respondent.

ALLEN, J. This is an appeal from a judgment of the general term of the city court, affirming a judgment in favor of the respondent, entered upon the verdict of a jury rendered at a trial term, and from the order refusing a new trial. 1 N. Y. Supp. 67. The action was originally brought by the plaintiff against one Scott, to recover commissions upon the sale of certain real estate belonging to him. Subsequently, under an order of interpleader, Theodore W. Frech, who also claimed such commissions, was substituted as defendant, and Scott paid the amount of commissions claimed into court. The defendant Frech, in his answer, denied that the plaintiff rendered services to Scott as a broker in effecting the sale of the premises described in the complaint, and that Scott agreed to pay the plaintiff for the same; and sets up his own employment by Scott to sell the same premises, and that he made such sale. On the argument of the appeal it was contended by the appellant—*First,* that he was entitled to a verdict by direction of the court; and, *second,* that the court erred in admitting testimony relating to statements and declarations of Scott to the plaintiff, made in the absence of the defendant, after the contract of sale had been executed, and after the controversy had arisen. We have examined the record to ascertain whether there is any ground for the first proposition, and we think the defendant's motion to direct a verdict was properly

[1] Reversing 1 N. Y. Supp. 67.
[2] In general, as to what declarations are admissible as *res gestæ,* see Railway Co. v. Buck, (Ind.) 19 N. E Rep 453, and note, State v. Rider, (Mo.) 8 S. W. Rep. 723, and note, Mill Co. v. Lowell, (Iowa,) 41 N. W. Rep. ——.

·denied. The issue formed by the pleadings and submitted to the jury was whether Mr. Shipman or Mr. Frech procured the sale of Mr. Scott's property. There was evidence in support of both claims, and the case was properly left to the decision of the jury. We find no color for the appellant's proposition :that the undisputed and uncontradicted testimony established that the defendant, and not the plaintiff, procured the customer.

The other matter assigned as error has reference to the admission of testimony claimed to be incompetent. Mr. Shipman, the plaintiff, while upon the stand, testified: "Subsequent to the contract being signed, I called upon William Scott in regard to my commissions. I demanded them." The witness was then asked what he said. The defendant's counsel objected to the question on the ground that the declaration which Mr. Scott may have made after the contract was signed could not bind the defendant. The court overruled the objection, and the defendant excepted. The witness answered: "Mr. Scott said: 'I think you are entitled to it, and I would be very glad to pay it, but there is another man who is trying to ring in here, and claims a commission. I don't want to pay two commissions in the matter.'" A motion was then made by the defendant's counsel to strike out the answer, which was denied, and the defendant excepted. The decision of the trial judge upon the objection taken to the admission of Scott's declarations, and upon the motion to strike out the testimony, seems to us to be erroneous. Scott was not identified in interest with either of the parties, and was a stranger to the suit; and such evidence was nothing more than hearsay. As a general rule, the ·declarations of a third party, neither a party nor a privy, and not part of the *res gestæ*, are not receivable in evidence except for the purpose of contradicting him when he has been examined as a witness against the party, and such statement is offered in evidence with the design of impeaching him. These declarations of Mr. Scott do not fall within any known exception to the rule. They were made some time after the sale was effected and the contract signed. They were therefore not admissible as a part of the *res gestæ*. They were not admissible upon the theory of the relation of principal and agent, because before they were made that relation had ceased; and not upon the theory that they were against the declarant's interest, because it is impossible to see in what way they could have been so. The contract was signed. Mr. Scott was liable for one commission only, and his liability was already fixed, and his interest could not be affected whether Mr. Shipman or Mr. Frech established a ·claim to the commission. Nor was the error cured by the defendant afterwards calling Scott, and examining him as a witness in respect to such declarations. *Worrall* v. *Parmelee*, 1 N. Y. 519. Scott was called by the defendant, and testified that he never made the statements sworn to by the plaintiff. This did not necessarily destroy the force of the evidence, because the jury may not have believed the testimony of Shipman that he did make the statements.

The respondent has cited the case of *Tooker* v. *Gormer*, 2 Hilt. 73, in support of his proposition that the error was cured by the calling of Scott as a witness by the defendant. We do not think he is aided by that case. There the object of proving the declarations of the witness Kent on a former trial was for the purpose of impeaching him. The proof was inopportunely offered, and the proper order was not observed. The statements were relevant, and the witness Kent, if called first, could have been properly asked if he had ever so testified. Here, Mr. Scott, if he had been first called, could not properly have been asked his opinion as to who was entitled to the commission, or whether he had made a statement to the effect that he thought Mr. Shipman was entitled to the commission, and the calling of Scott to contradict Shipman as to the statement did not waive the objection, nor in any way cure the error. Where there is error in the admission of illegal testimony which bears in the least degree upon the question in issue, it cannot be disregarded.

It is obvious that this testimony had an important bearing upon the questions in issue. Mr. Scott was the owner of the property sold, and his declaration that in his opinion the plaintiff was entitled to the commission was, it seems to us, calculated to influence the minds of the jury. For this error we think the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.