### LIPPUS *v.* COLUMBUS WATCH CO.

*(Supreme Court, General Term, First Department. November 7, 1889.)*

1. MASTER AND SERVANT—WRONGFUL DISCHARGE.
   When a master is sued by his servant for wrongful discharge, and it appears that the contract bound plaintiff to perform his duties to the best interests of defendant, and as economically as possible, and to conform to reasonable rules made by defendant, and there is evidence that before the discharge disputes arose; that plaintiff disobeyed the instructions and refused the requests of defendant,—it is error to instruct the jury to find for plaintiff, as it is a question for their determination whether plaintiff's conduct was such as to justify his discharge.

2. SAME—WAIVER OF OBJECTION.
   Defendant does not waive his right to go to the jury on the question of reasonable ground for discharging plaintiff, though he does not request the submission of that issue, when the trial judge has just announced his intention to submit nothing but the question of the amount of plaintiff's recovery.

Appeal from circuit court, New York county.

Action by William C. Lippus against the Columbus Watch Company, to recover damages for breach of contract. Verdict and judgment for plaintiff for $949. Defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Bartlett, Wilson & Hayden,* for appellant. *C. H. Machin,* for respondent.

VAN BRUNT, P. J. This action was brought to recover damages for breach of contract of employment. The defendant agreed to employ the plaintiff as a traveling salesman, upon certain terms mentioned in the agreement. He was discharged before the expiration of the contract, for alleged cause. At the close of the plaintiff's testimony defendant's counsel moved to dismiss the complaint upon the ground that the defendant had a right to discharge the plaintiff if in his judgment he was incompetent. At the close of the case the motion was renewed, and defendant's counsel requested the court to direct a verdict upon the same ground. These motions were denied, and exceptions taken. The court then instructed counsel that the only question he would allow to be presented to the jury was as to the amount of damages, and the defendant excepted. The case having been submitted to the jury, and the verdict of course being rendered for the plaintiff, from the judgment thereupon entered this appeal is taken.

It is sought to sustain this judgment upon two grounds: *First,* that there was no question in the case to submit to the jury except the amount of damages,—in other words, that the evidence showed no ground whatever for the discharge of the plaintiff; and, in the next place, that, even if there were such evidence, the defendant not having asked to go to the jury upon that issue, the conclusion reached by the trial court is conclusive. An examination of the evidence in this case shows that disputes had arisen between the plaintiff and defendant in regard to the manner in which he was performing his duties; that by the terms of the agreement the plaintiff bound himself at all times to work for the best interests of the defendant, and as economically as possible, and to represent the company and travel in such territory as might be designated by the managers, and conform to all reasonable rules the company might adopt. The evidence further shows that in respect to some portions of this agreement the plaintiff refused compliance; that requests made by the company were neglected, and rules for the plaintiff's conduct violated, and it was a question for the jury to determine, upon the facts presented by the evidence, as to whether the defendant had reasonable ground for the discharge of the plaintiff because of his conduct. They certainly had not the arbitrary power to terminate his employment; but, if reasonable grounds existed, then they would be justified, and no recovery could be had by the plaintiff by reason of his discharge. Therefore there was a question upon this point which should have been submitted to the jury.

This brings us to the consideration of the proposition that, the defendant not having asked to go to the jury upon this point, the conclusion reached by the judge presiding at the trial is conclusive. An examination of this record shows that a motion was made to direct a verdict in favor of the defendant, which motion was denied and exception taken. The court then stated that he would limit the defendant before the jury to the question of percentage, and notified the counsel that he might take an exception to such ruling. The court further stated that the only issue of fact to be presented to the jury is the one as to the amount of commissions the plaintiff might be entitled to under the proof. The defendant excepted to this ruling, as he had been invited to do by the court. This was a distinct notification to the defendant by the court that he would not submit any other question to the jury than one of commissions, and it would have been an impertinence upon the part of the counsel to have suggested to or requested the court to submit the only other question to the jury which the court had distinctly stated it would take upon itself to decide. Under such a condition of the record, the fact that the defendant did not go through the idle ceremony of asking that this particular issue should be submitted to the jury in no way deprived him of the right to claim, upon this appeal, that this question should have been submitted.

Judgment and order appealed from must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.