WILLIAM C. LIPPUS, Respondent, *v.* THE COLUMBIA WATCH COMPANY, Appellant.

*Supreme Court, First Department, General Term, November 7, 1889.*

*Trial. Submission.*—The defendant does not waive his right to go to the jury on questions of fact by not requesting their submission, where the trial judge announces his intention to submit nothing but the amount of the recovery.

Appeal from a judgment entered upon verdict rendered by a jury on a trial at circuit, and from an order denying a motion for a new trial.

*Philip L. Wilson,* for appellant.

*Charles H. Machin,* for respondent.

VAN BRUNT, P. J.—This action was brought to recover

damages for breach of contract of employment. The defendant agreed to employ the plaintiff, as a traveling salesman, upon certain terms mentioned in the agreement. He was discharged before the expiration of the contract for alleged cause.

At the close of the plaintiff's testimony defendant's counsel moved to dismiss the complaint upon the ground that the defendant had a right to discharge the plaintiff if, in his judgment, he was incompetent.

At the close of the case the motion was renewed, and defendant's counsel requested the court to direct a verdict upon the same ground. These motions were denied, and exception taken. The court then instructed counsel that the only question he would allow to be presented to the jury was as to the amount of damages, and the defendant excepted. The case having been submitted to the jury, and the verdict of course being rendered for the plaintiff, from the judgment thereupon entered this appeal is taken. It is sought to sustain this judgment upon two grounds:

*First.* That there was no question in the case to submit to the jury except the amount of damages. In other words that the evidence showed no ground whatever for the discharge of the plaintiff, and in the next place, that even if there were such evidence, the defendant not having asked to go to the jury upon that issue, the conclusion reached by the trial court is conclusive.

An examination of the evidence in this case shows that disputes had arisen between the plaintiff and defendant in regard to the manner in which he was performing his duties; that by the terms of the agreement, the plaintiff bound himself at all times to work for the best interests of the defendant and as economically as possible, and to represent the company, and travel in such territory as might be designed by the managers, and conform to all reasonable rules the company might adopt.

The evidence further shows that in respect to some portions

of this agreement the plaintiff refused compliance; that requests made by the company were neglected, and rules for plaintiff's conduct violated, and it was a question for the jury to determine upon the facts presented by the evidence as to whether the defendant had reasonable ground for the discharge of the plaintiff because of his conduct. They certainly had not the arbitrary power to terminate his employment; but if reasonable grounds existed, then they would be justified, and no recovery could be had by the plaintiff by reason of his discharge. Therefore, there was a question upon this point which should have been submitted to the jury.

This brings us to the consideration of the proposition that the defendant not having asked to go to the jury upon this point, the conclusion reached by the judge presiding at the trial is conclusive. An examination of this record shows that a motion was made to direct a verdict in favor of the defendant, which motion was denied and exception taken. The court then stated that he would limit the defendant before the jury to the question of percentage and notified the counsel that he might take an exception to such ruling. The court further stated that the only issue of fact to be presented to the jury is the one as to the amount of commissions the plaintiff might be entitled to under the proof. The defendant excepted to this ruling as he had been invited to do by the court. This was a distinct notification to the defendant by the court that he would not submit any other question to the jury than one of commissions, and it would have been an impertinence upon the part of the counsel to have suggested to or requested the court to submit the only other question to the jury which the court had distinctly stated it would take upon itself to decide. Under such a condition of the record, the fact that the defendant did not go through the idle ceremony of requesting that this particular issue should be submitted to the jury in no way deprived him of the right to claim upon this appeal that this question should have been submitted.

Judgment and order appealed from must therefore be reversed and a new trial ordered, with costs to the appellants to abide the event.          o

DANIELS and BRADY, JJ., concur.

### NOTE ON "DIRECTION OF VERDICT."

No request to submit is required where it is error to take the case from the jury.  Carraher *v.* Mulligan, 54 Hun, 638.

The uncontradicted testimony of a biased witness does not justify the direction of a verdict.  Roseberry *v.* Nixon, 58 Hun, 121.

Where the position, taken by the defendant at trial, involves a defense, neither pleaded nor sustained by competent proof, it is error to direct a verdict in his favor.  Prisco *v.* Hugg, 58 Supr. 140.

Exception to a direction of a verdict, in the absence of a waiver, is sufficient to present, on appeal, that there were questions of fact for the jury. Vail *v.* Reynolds, 118 N. Y. 207.

It is error to direct a verdict on the testimony of a witness who is contradicted by his former testimony.  Paul *v.* Van Da Linda, 58 Hun, 611.

Where the effect of evidence is for the jury, a direction of verdict is improper.  Brokman *v.* Myers, 59 Hun, 623.

As to when the court may direct a verdict for plaintiff in an action on note, see First Nat. Bank *v.* Cox, 56 Supr. 600.

The absence of satisfactory proof of the consideration of a note was held to establish error in refusing to direct a verdict for the defendant.  Vietor *v.* Bauer, 56 Hun, 650.

As to when the direction of a verdict is proper, see Hemmens *v.* Nelson, 59 Hun, 620.

The direction of a verdict is proper on the defendant's admission, at the close of the trial, that there was question of fact.  Grier *v.* H. H. & Co., 38 N. Y. St. Rep. 462.

The direction of a verdict is proper, where the evidence is sufficient to substantiate the sole defense of the counterclaim.  Blake & Johnson *v.* Krom, 36 N. Y. St. Rep. 83.

A request by both parties to direct a verdict operates as a consent to submit the questions of fact to the court.  Thompson *v.* Simpson, 128 N. Y. 270; Whiteman *v.* Hyland, 61 Hun, 624; Third Nat. Bk. *v.* Butler C. Co., 59 Id. 627; Davies *v.* N. Y. Con. Co., Id. 623; Gregory *v.* Mayor, etc., 113 N. Y. 416; Sire *v.* Rumbold, 39 N. Y. St. Rep. 85; Mahrhof Bros. B. M. Co. *v.* Wood, Id. 180; Auerbach *v.* Pretsch, Id. 211; Bradley F. Co. *v.* South P. Co., Id. 218; Cushman *v.* Family F. Soc., 36 Id. 856; Green *v.* Shute, 15 Daly, 358, 361; Same *v.* Same, 26 N. Y. St. Rep. 114.

A request by either party waives the right to go to the jury on questions

of fact.   Kirtz *v.* Peck, 113 N. Y. 222; Gregory *v.* Mayor, etc., Id. 416; Wood *v.* Franklyn, 39 N. Y. St. Rep. 197.

The court, where each party asks that a verdict be ordered in his favor and neither asks to go to the jury upon any question of fact, is authorized to find upon the facts.   Kirtz *v.* Peck, 113 N. Y. 222.   If there is any evidence to sustain its decision, it is conclusive in the court of appeals.   Id. A party, by requesting the court to determine the case as one of law, waives his right, if any, to go to the jury.   Id.

Though the plaintiff asks for the direction of a verdict and the defendant for a dismissal, the court may refuse to take the case from the jury, where there is a decided contradiction in the evidence.   Page *v.* Voorhies, 40 N. Y. St. Rep. 696.

Both parties, by asking for a direction of a verdict, concede that there is no dispute upon the questions of fact, and that there is left for decision only a question of law upon an uncontradicted state of facts.   Green *v.* Shute, 15 Daly, 358; Leggett *v.* Hyde, 58 N. Y. 275; Koehler *v.* Adler, 78 Id. 287.

The decision of the court, in such case, directing a verdict on evidence sufficient to support a verdict of the jury, cannot be disturbed.   Id.

A refusal, on request, to specify any question to be submitted, waives the right to go to jury.   E. Nat. Bk. *v.* Marshall, 56 Hun, 643.

A motion to direct a verdict is not an absolute and irrevocable renunciation of the right to go to the jury.   Yale *v.* Dart, 26 Abb. N. C. 469.   A party whose motion therefore has been denied, may request that the case be submitted to the jury.   Id.   A request to submit the case to the jury sufficiently specifies the fact sought to be submitted, when the facts referred to in the request are understood by the court and counsel to be the same facts as were specified in a previous motion to direct a verdict.   Where the court does not directly deny a request to go to the jury, but directs a verdict for the other party, an exception to the direction is a sufficient exception to the denial of the request.   Id.   The mere exercise of the volition of the judge in refusing a request to withdraw a motion made at the trial, raises no question of law and requires no exception.   Id.

Where the court has not acted upon a motion for the direction of a verdict, permission to withdraw it is unnecessary.   Id.   The withdrawal of a motion, made at the trial, should be permitted where nothing has intervened to create an estoppel, and the right of neither party has been affected. Id.

A motion to direct a verdict should be denied in case of conflicting evidence.   Shipman *v.* French, 15 Daly, 151.

As to when a request to submit the question to the jury is unnecessary, see Lippus *v.* C. W. Co., 54 Hun, 637, and above reported.

The submission of the case to the jury was held to be waived in Roberts *v.* Lloyd, 56 Supr. 333.   See this case as to when such submission is waived.

Where both the parties ask the court to direct a verdict in their favor and plaintiff's request is granted, a request by the defendant, after a verdict has been rendered and his motion for a new trial denied, that the case be then

submitted to the jury upon a specific question of fact, is too late. Howell *v.* Wright, 122 N. Y. 667.

Where evidence is conflicting, a failure to ask a direction of a verdict, is a waiver of the right to move for a new trial on the ground of insufficient evidence, or that the verdict is contrary to the evidence. Mortimer *v.* Doelger, 58 Supr. 578 ; Keeler *v.* Barretts, etc., D. Estab. 54 Id. 369.

It must be presumed, where each party moves for a verdict in his own favor and neither asks to go to the jury upon any question, that both intend to waive the right of submission to the jury and to consent that the court shall decide the questions of fact as well as of law. Sutter *v.* Vanderveer, 122 N. Y. 652. The same presumption exists, as in case of a verdict rendered by a jury, that every fact, having the support of sufficient evidence has been found in favor of the successful party. Id.

The effect of a request by each party for the direction of a verdict in his favor is to clothe the court with the functions of a jury. Thompson *v.* Simpson, 128 N. Y. 270. Where the party, whose request is denied, does not thereupon ask to go to the jury upon the facts, a verdict directed for the other party stands the same as would the finding of a jury for him in the absence of such direction. Id.

All the controverted facts and all the inferable facts in support of a judgment will, upon review in the court of appeals, be deemed conclusively established in favor of the party for whom the verdict was directed. Id.

Where, upon the trial, the defendant moves, after the close of the testimony, to dismiss the complaint, or for the direction of a verdict, and the plaintiff requests the court to direct a verdict, this amounts to an agreement to submit the questions of fact to the court. Mahrhof B. Mfg. Co. *v.* Wood, 39 N. Y. St. Rep. 180. If there is any evidence to support the decision, it will be sustained on appeal. Id.

Where the defendant, after the plaintiff has requested the direction of the verdict in his favor, asks the court to submit a certain question of fact to the jury and the court decides that he is entitled to such submission, and the defendant, instead of availing himself of the ruling, requests the direction of the verdict in his favor upon another ground, he must be held to have waived his right to submit the question to the jury. Green *v.* Shute, 15 Daly, 361.

Where both parties unite in requesting a direction of the verdict, the omission of the court to submit to the jury a case which rests, in an important issue, upon the unsupported testimony of a party, is not error. Wilson *v.* Met. E. R'y Co., 120 N. Y. 145.

Where neither party requests the submission of any question to the jury, but both parties claim the direction of a verdict, the court may draw the same inferences from the proof, which the jury would have been justified in drawing if the case had been submitted to them. People *v.* North R. S. R. Co., 54 Hun, 354, 376.

After the defendant's counsel has asked for a dismissal of the complaint, a general request by him to go to the jury, without specifying, though requested by the court, any question of fact which he wished to have sub-

mitted, is insufficient to present the failure to submit the case to the jury as a ground of objection on the appeal.    Ex. Nat. Bk. *v.* Marshall, 56 Hun, 643.

As to the effect of a general request to go to the jury, after a motion by both parties for the direction of a. verdict, see Mayer *v.* Dean, 115 N. Y. 556.

Where both parties request the court to make a direction, and defendant fails to request the submission of the questions of fact to the jury, he thereby waives all objections to the mode of trial and must stand upon the exceptions taken.    Nesbit *v.* Mathews, 41 N. Y. St. Rep. 89.

An exception to the direction of a verdict is not waived by a subsequent request to submit propositions to the jury to be considered in reaching such verdict.    Leavitt *v.* Dodge, 61 Hun, 627.    The case is not one where each party requests the court to direct a verdict, and thereby presents it as involving only legal propositions.    Id.    But it is a case in which the court decides in substance that there is no question of fact to be submitted to the jury, and that a verdict shall be directed in favor of the plaintiff.    Id.    An exception taken to the decision presents the question whether the case is, or is not, one upon which a verdict can in this manner be directed by the court.    Id.

Where, at the close of the evidence, both parties ask for a direction of a verdict in their favor respectively, the defendant's request is denied and he thereupon requests to have the questions of fact submitted to the jury, his motion is denied and he duly excepts, and the court thereupon directs a verdict in favor of the plaintiff, to which direction the defendant excepts, the defendant does not waive his right to have the case submitted to the jury by asking the direction of a verdict in his favor.    First Nat. Bank *v.* McConnell, 63 Hun, 625.    See Burrows *v.* Atlas Steamship Co., 46 N. Y. St. Rep. 533.