FRANCIS G. HALL, Appellant, *v.* WILLIAM ERWIN, Respondent.

Where one obtains an assignment to himself of a bond and mortgage by means of fraud, and with the ostensible purpose of selling the same for the owner, the equitable title remains in the assignor, and payment to him by the mortgagor is a satisfaction of the mortgage and a defence to an action brought by the assignee to foreclose the same.

Parol evidence is competent to show the circumstances attending the assignment.

Fraud may always be shown by parol, and when established will vitiate any transaction, however solemn.

Actual and clearly proved fraud will not be protected by the statute prohibiting parol trusts in real property. (2 R. S., 134, § 6.)

Plaintiff obtained judgment against W., of which there was unpaid about $700. Execution was issued thereon and a levy made on property of W. W., induced by fraudulent representations, assigned and delivered to plaintiff a bond and mortgage executed by defendant upon the understanding and agreement that plaintiff should sell the same, deduct from

the proceeds the amount of the judgment, and a sum agreed upon as compensation for his services, and pay the surplus to W. Plaintiff at the time held a note against W. for $2,500. On receiving the assignment, bond and mortgage, plaintiff assumed to own them, but refused to satisfy the judgment out of them or to abandon the levy unless W. would pay the note. Defendant paid the bond to W. In an action to foreclose the mortgage, *held*, that plaintiff was not entitled to hold the bond and mortgage for the amount of the execution; also, that as the question was not raised upon the trial, plaintiff then claiming the full amount of the bond and mortgage, and was not passed upon by the Supreme Court, it could not be raised here.

(Argued June 12, 1876; decided June 20, 1876.)

THIS action was brought to foreclose a bond and mortgage executed by defendant and wife to Jabez R. Ward, assigned by Ward to plaintiff, upon which there was claimed to be due and unpaid $2,200 and interest.

Defendant alleged and proved that Ward assigned the bond and mortgage under the following circumstances: Plaintiff and Lewis M. Smith had recovered a judgment against Ward upon which there was unpaid about $700; and execution had been issued and levied upon Ward's property and the same was advertised for sale; plaintiff also held a note against Ward for $2,500; by means of various false representations and fraudulent pretences, plaintiff induced Ward to execute to him a formal assignment of the bond and mortgage, he agreeing to negotiate a sale thereof, to retain out of it the amount of the execution, and the sum of $125 agreed upon for his services, and to pay the balance to Ward. After obtaining the assignment, bond and mortgage, plaintiff assumed to own them, but he refused to satisfy the judgment or to abandon the levy, or to pay Ward any thing until Ward should pay the note. *Held*, as above.

Upon a former trial, plaintiff obtained judgment; this was reversed by the General Term and judgment ordered for defendant. (60 Barb., 349.) The Commission of Appeals modified the judgment so as to grant a new trial. (57 N. Y., 642.)

*E. H. Benn* for the appellant.

*R. King* for the respondent.

ALLEN. J., reads for affirmance.

All concur, except ANDREWS, J., not voting.

Judgment affirmed.