Otto G. Mayer, Respondent, *v.* William G. Dean et al., Appellants.

Where, upon the close of the evidence on a trial, each party asks that a verdict be directed in his favor, and after the decision thereon the unsuccessful party asks that the case be sent to the jury, without stating any question of fact he desires submitted, a denial of the motion is not error.

In an action to recover the contract-price for a lot of mustard seed sold through a broker by plaintiff to defendants, the answer set up that the sale was by sample and that the bulk of the seed did not correspond with the sample, but was dirty, impure and inferior. It also alleged that this dirt and impurity were not discoverable upon inspection, and that plaintiff upon the sale fraudulently represented that it was clean and free from dirt and impurity, with the view of cheating and defrauding defendants and preventing such examination of the seed as would have shown the impurities. Upon the trial a written contract of sale was proved showing a sale by sample. The evidence showed that the bulk delivered corresponded with the sample, but that the seed was dirty and impure to plaintiff's knowledge; that this impurity could be discovered by rubbing the seed in the hands or on white paper, but whether it was visible and apparent from mere inspection was a disputed question. Defendants offered to prove, as tending to show fraud, that plaintiff's broker represented, at the time of the sale, that the seed was clean and free from impurities. This was excluded as tending to vary, enlarge and contradict the contract of sale. *Held*, error; that the evidence offered was competent upon the issue of fraud.

Also, *held*, that whether the defect in the seed was invisible and defendants were, in fact, deceived, relying upon the representations, and omitted to

make such an examination as they might otherwise have made, would be for the jury to determine upon all the evidence.

An agent authorized to sell property must be presumed to possess authority to make such representations in regard to quality and condition as usually accompany such transactions, and his principal cannot receive the fruits of the bargain without adopting the instrumentalities employed by his agent in bringing it to a consummation, and so is bound by false representations of his agent, although ignorant thereof and intending no fraud.

In an action between vendor and vendee knowledge possessed by either the principal or the agent is, respectively, imputable to each other, and an agent, whose principal has knowledge of latent defects in property proposed to be sold cannot honestly represent to its intending purchaser that it is free from such defects.

*Mayor* v. *Dean* (22 J. & S. 315) reversed.

(Argued June 21, 1889; decided October 8, 1889.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made April, 1887, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the material facts are stated in the opinion.

*George H. Fisher* for appellants. A vendor is not permitted to add false representations to a deceptive sample to aid him in a fraudulent scheme. (*Hargous* v. *Stone*, 5 N. Y. 73; Benjamin on Sales, § 887; *Mody* v. *Gregson*, L. R., 4 Ex. 49.) It was competent for defendants to show the representations and statements made by plaintiff's agent Berrian when and before the alleged sale was made. (*Sharp* v. *Mayor, etc.*, 40 Barb. 256; *Bennet* v. *Johnson*, 21 N. Y. 238; *Booth* v. *Biesce*, 40 Barb. 114; *Cornell* v. *Masten*, 35 id. 157; *N. R. Bk.* v. *Aymes*, 3 Hill, 262; *Westfield Bk.* v. *Corhen*, 37 N. Y. 320; *Budenbreker* v. *Lowel*, 32 Barb. 9; *Milburn* v. *Belloni*, 34 id. 607.) The plaintiff having represented to defendants that Berrian was his agent, is, therefore, estopped from denying the agency of Berrian and is bound by his acts. (*Walsh* v. *Hartford, F. & Co.*, 73 N. Y. 5.) The law under the facts of the case implies a warranty of the quality of the merchandise to the extent that it is of the quality and kind it appears to be. (*Jeffrey* v. *Bigelow*, 13 Wend. 518; *Hargous* v.

*Stone*, 5 N. Y. 73 ; Benjamin on Sales, § 823, 829.) The sale was not made by sample in the sense claimed by plaintiff. The agreement to purchase was made upon the faith of representations made as well before the sample was shown as at the time the same was shown. The sample was exhibited to aid, to give force, to induce belief that the representations were true. (*Hargous* v. *Stone*, 5 N. Y. 73 ; 18 Wend. 434, 436.) The exclusion of evidence upon the ground that it would contradict the memorandum was error. (*Sewell* v. *Fitch*, 8 Cow. 219.) A broker may bind by warranty though the agency be special. (*Andrews* v. *Kneeland*, 6 Cow. 364 ; *Wilson* v. *Cowing*, 6 Hill, 336 ; *Allan* v. *Aguira*, 5 N. Y. 380 ; 10 Barb. 74 ; 7 N. Y. 543 ; 41 id. 461.)

*J. Hampden Dougherty* for respondent. Antecedent or contemporaneous representations are merged in the contract. (*Wilson* v. *Deen*, 74 N. Y. 531 ; *Filkins* v. *Whyland*, 24 id. 338.) A warranty as to the present quality and condition of property sold is connected with and belongs to a contract of sale as one of its elements. (*Eighmie* v. *Taylor*, 98 N. Y. 288.) An agent to sell has no power to warrant. (*Smith* v. *Tracy*, 36 N. Y. 79.) The powers of a special agent are to be strictly construed, and a party dealing with such an agent is bound to ascertain and know their extent. (*Martin* v. *Farnsworth*, 49 N. Y. 555 ; *Smith* v. *Tracy*, 36 id. 79 ; *Nixon* v. *Palmer*, 4 Seld. 398 ; *Gillett* v. *Hall*, 2 Week. Dig. 488.) An authority to make a contract for another does not carry with it authority to cancel that contract. (*Von Wein* v. *S. Ins. Co.*, 50 N. Y. Super. Ct. Rep. 494 ; *Hodge* v. *Security Ins. Co.*; 33 Hun, 583 ; *Van Valkenburgh* v. *Lenox Fire Ins. Co.*, 51 N. Y. 465 ; *Grace* v. *A. C. Ins. Co.*, 100 U. S. 278.)

RUGER, Ch. J. The plaintiff seeks to recover the contract-price, for a lot of mustard seed sold through a broker by him to the defendants.

The defense, as stated by the answer, was that the sale was by sample and that the bulk did not correspond with the

sample, but was dirty, impure and inferior to the sample. It also alleged that this dirt and impurity was not discoverable upon inspection, and that the plaintiff knew the seed was dirty and impure, and upon the sale fraudulently represented that the same was clean and free from dirt and impurity, with the view of cheating and defrauding the defendant and to prevent such an examination of the seed as would have shown the dirt therein.

Upon the trial a written contract of sale was proved, showing a sale by sample. The evidence clearly established that the bulk delivered corresponded with the sample; but it was also shown that the seed was dirty and impure and that the plaintiff knew this fact. It was also proved on the trial that this impurity could be discovered by rubbing the grain in the hands, or on white paper; but whether it was visible and apparent from mere inspection was, upon the evidence, a disputed question.

The plaintiff's counsel at the close of the evidence moved that a verdict be directed in his favor, and the defendants made a similar motion on their own behalf. The latter motion was denied, and the defendants excepted. The defendants then moved that the case be sent to the jury. This motion did not state any question of fact desired to be submitted to the jury, and the motion was denied, to which decision the defendants excepted. The court thereupon directed a verdict for the plaintiff, to which direction the defendants excepted.

There was no error in these rulings upon the evidence as it stood, and unless there has been some error in the exclusion or admission of evidence to the prejudice of the defendants, the judgment should stand.

The defendants, however, claim that evidence offered by them tending to show that the contract of sale was obtained by fraudulent representations on the part of the plaintiff, was improperly excluded. The case shows that the defendants on the trial offered to prove that the broker making the contract for the plaintiff, represented that the seed proposed to be sold was clean and free from impurities. This evidence was

objected to by the plaintiff, and excluded by the court upon
the ground that it tended to vary, enlarge and contradict the
contract of sale.   To this decision the defendants excepted.

There can be no question about the correctness of this rul-
ing, if the evidence tended only to establish a warranty
different from that expressed in the contract.   The contract
by its terms secured to the defendants a right to have the bulk
of the goods sold correspond, as to quality and appear-
ance, with the sample.   (*Hargous* v. *Stone*, 5 N. Y. 73;
*Beirne* v. *Dord*, id 95.)   And the defendants were precluded
by well settled rules from showing, by parol, a more enlarged
or different contract.   The offer in this case, however, went
further than this, and tended to show that the contract itself
was procured by fraudulent representations.   The representa-
tions attempted to be proved related to the character and
quality of the thing offered for sale, and were material under
one of the defenses set up in the answer.   The manifest
tendency of such a representation was to throw the purchaser
off his guard and lead him to forego an examination which he
might otherwise make.   Under the evidence in this case it
cannot be assumed, as matter of law, that these defects were
visible or known to the purchaser, and it, therefore, became a
question for the jury to determine whether the defendants
were, in fact deceived by the representation.   This evidence
was expressly offered for the purpose of showing fraud, and
we think it was competent upon that issue.   (*Hall* v. *Erwin*,
66 N. Y. 649; *Johnson* v. *Hathorn*, 2 Abb. Ct. App. Dec. 465;
*Mead* v. *Bunn*, 32 N. Y. 275.)   Whether the defect was invisi-
ble and the defendants were, in fact, deceived, relying upon the
representation, and omitted to make such an examination of
the seed as they might otherwise have made, was for the
jury to determine upon all the evidence.   (*Day* v. *Pool*, 52
N. Y. 416.)   There is no doubt of the general rule that to
a certain extent a principal is bound by the representations of
his agent made in effecting a sale of property.   Such an agent
must be presumed to possess authority to make such repre-
sentations in regard to its quality and condition as usually

accompany such transactions, and his principal cannot receive the fruits of a bargain without adopting the instrumentalities employed by his agent in bringing it to a consummation. (*Bennett* v. *Judson*, 21 N. Y. 238.)

In an action between vendor and vendee, knowledge possessed by either the principal or the agent is, respectively, imputable to each other, and an agent, whose principal has knowledge of latent defects in property proposed to be sold, cannot honestly represent to its intending purchaser that it is free from such defects. It is well settled in this state that a principal cannot retain the benefits of a contract obtained through the misrepresentations of his agent, even though the principal was ignorant of the representation and really intended no fraud. It was held in *Bennett* v. *Judson* (21 N. Y. 238), that a vendor of land is responsible for material misrepresentations, in respect to its location and quality, made by his agent without express authority, and in the absence of any actual knowledge by either the agent or the principal, whether the representations were true or false. In *Hathaway* v. *Johnson* (55 N. Y. 96) the court said: "The authority of the agent to make the purchase of the malt is not denied, and the rule is stated by Mr. Justice STORY (Story on Ag. § 134), that when the act of the agent will bind the principal, then his representations, declarations and admissions respecting the subject-matter will also bind him, if made at the same time, and constituting a part of the *res gestæ*. That the principal is liable for the fraudulent conduct and representations of the agent, made in the course of his dealings for the principal, when the principal has received and retained the fruits of the fraud, is affirmed by the general current of authority. (*Hern* v. *Nichols*, 1 Salk. 288; *Crofut* v. *Fowke*, 6 M. & W. 358; *Murray* v. *Mann*, 2 Exch. 537; *Bennett* v. *Judson*, 21 N. Y. 238.)

It is consonant with reason and justice that a principal should not be allowed to profit by the fraud of his agent; and if he adopts the contract made in his behalf, although ignorant of the fraud, he should be held liable to make compensation to

the party injured by it. (*Sandford* v. *Handy*, 23 Wend. 260; *Griswold* v. *Haven*, 25 N. Y. 595; *Indianapolis, etc., R. R. Co.* v. *Tyne*, 63 id. 653.)

In accordance with these views there should be a new trial.

The judgments of the courts below should, therefore, be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed and new trial ordered.