ROBERT S. COLEMAN, Respondent, *v.* CHARLES H. PICKETT, Appellant, Impleaded with Another.

*A holding of real estate by consent of the owner — no title acquired by lapse of time — waiver of the right to go to the jury.*

Where a person enters into the possession of real estate with the consent of the owner thereof, under an agreement that he will not erect any building on the land, his holding thereof is in subordination to the legal title of such owner, and cannot, therefore, ripen into a valid adverse possession by lapse of time.

Where both the parties on the trial of an action take the position that the case must be disposed of by the court as a question of law; the defendant by a motion for a nonsuit and the plaintiff by asking the court to direct a verdict in his favor, each waives his right to submit the case to the jury except upon specific disputed questions of fact, and the refusal of the court to submit the case to the jury, generally, after such motion and request, is not an error of which the defendant can complain on an appeal from a judgment directed against him.

HERRICK, J., dissenting.

APPEAL by the defendant, Charles H. Pickett, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Washington on the 31st day of January, 1894, upon the verdict of a jury rendered by direction of the court after a trial at the Washington Circuit before the court and a jury.

*D. J. Sullivan,* for the appellant.

*L. H. Northup* and *A. D. Arnold,* for the respondent.

MAYHAM, P. J.:

The action was brought to reform a deed and for the recovery of the possession of lands claimed to have been inserted in the deed by mistake.

The complaint alleged all the essential facts to entitle the plaintiff to the relief demanded. The answer admitted many of the allega-

tions of the complaint, and sets up as an affirmative defense adverse possession of the land in dispute.

From a careful examination of the uncontradicted evidence, we think the allegations of the complaint are established by the proof.

As to the affirmative defense of adverse possession, the undisputed evidence shows that the defendant and his grantor entered into possession with the permission and consent of the owner, under an agreement that he would not erect any building on the land. His holding was, therefore, clearly in subordination to the legal title of the plaintiff, and could not, therefore, ripen into a valid adverse possession by lapse of time.

We have examined the objections and exceptions taken by the defendant to the rulings of the trial court on the receipt and exclusion of evidence offered on the trial, and find no error for which this judgment should be reversed.

We have also examined the exceptions taken to findings of fact and conclusions of law by the learned court on the final disposition of the action, and think them not well taken.

The facts were supported by the evidence, and the conclusion of law followed as the legal sequence of the facts found.

The parties on both sides having taken the position that the case must be disposed of by the court as a question of law, the defendant by motion for nonsuit, and the plaintiff by asking the court to direct a verdict for him, waived their right to submit the case to the jury except upon specific disputed questions of fact, and the refusal of the court to submit the case to the jury, generally, after such motion and request on the part of the defendant, was not error of which the defendant can complain on appeal.

In *Mayer* v. *Dean et al.* (115 N. Y. 556) it was held that when, after the close of the evidence, each party asks that a verdict be directed in his favor, and after the decision thereon the unsuccessful party asks that the case be sent to the jury, without stating any question of fact he desires submitted, a denial of the motion is not error.

We see no error in this case for which the judgment should be reversed.

The judgment must be affirmed, with costs.

PUTNAM, J., concurred in the result; HERRICK, J., dissented.

Judgment affirmed, with costs.