OSCAR LAGERQUIST, as Administrator, etc., of ASTRID LAGERQUIST, Deceased, Respondent, *v.* THE UNITED STATES INDUSTRIAL INSURANCE COMPANY, Appellant.

*Request for the direction of a verdict by both parties — waiver of a submission of the case to the jury.* .

t the close of the testimony on both sides upon the trial of an action the defendant requested the court to direct a verdict in its favor. Thereupon the court asked the plaintiff if he requested the direction of a verdict and was answered in the affirmative. The court then directed a verdict for the plaintiff as requested. Whereupon the defendant requested permission to go to the jury, which was denied.

*Held,* that the record presented no error; that when both parties unite in requesting the court to direct a verdict they are both deemed to have agreed that the facts may be determined by it, and its decision will be sustained if there is any evidence to uphold it.

BROWN, P. J., dissenting.

APPEAL by the defendant, The United States Industrial Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 4th day of April, 1895, upon the verdict of a jury rendered by direction of the court after a trial at the Kings County Circuit, and also from an order entered in said clerk's office on the

SECOND DEPARTMENT, JULY TERM, 1895.          [Vol. 89.

4th day of April, 1895, denying the defendant's motion for a new trial made upon the minutes.

*Edward W. S. Johnston*, for the appellant.

*J. Edward Swanstrom*, for the respondent.

DYKMAN, J.:

This is an appeal from a judgment in favor of the plaintiff for the sum of $254.52, which was entered on the verdict of a jury directed by the court after a trial before a jury, and also from an order denying a motion for a new trial on the minutes of the court.

At the close of the testimony on both sides, the counsel for the defendant requested the trial judge to direct a verdict for the defendant on the ground that there was a breach of the warranty contained in the policy, and also false representations which avoided the policy. The trial judge then asked the plaintiff if he requested the direction of a verdict, and was answered in the affirmative. Thereupon the trial judge directed a verdict for the plaintiff. Then the counsel for the defendant requested permission to go to the jury, and the trial judge then stated that he denied the motion of the defendant and granted the motion of the plaintiff and directed a verdict for him. There was an exception to such direction.

The record presents no error.

When the counsel for both parties unite in requesting the court to direct a verdict, they are both deemed to have agreed that the facts might be determined by the trial judge, and his decision will be sustained if there be any evidence to uphold it. (*Dillon* v. *Cockcroft*, 90 N. Y. 649; *Mayer* v. *Dean*, 115 id. 556.)

In this case there was ample evidence to support the decision of the trial judge, and this order denying the motion for a new trial on the minutes of the court must be affirmed, with costs.

PRATT, J., concurred; BROWN, P. J., dissented.

Judgment affirmed, with costs.