(70 App. Div. 110.)

CULLINAN, State Com'r of Excise, v. FURTHMAN et al.

(Supreme Court, Appellate Division, First Department. March 7, 1902.)

1. INTOXICATING LIQUORS—LICENSE—BOND—ILLEGAL SALES—ACTION—TRIAL— DIRECTION OF VERDICT—REQUEST TO GO TO JURY.

   Where, at the close of the evidence, defendant moved for a dismissal of the complaint, and, on that being denied, plaintiff moved for a direction of a verdict, and after the court had announced an intention to grant plaintiff's motion, but before the verdict was taken or entered, defendant asked to go to the jury on certain material questions, the request was timely made, and if there was error in refusing it a new trial should be granted.

2. SAME—EVIDENCE—SUBTENANT.

   Where in an action to recover the penalty of a bond given on an application for a liquor license, the plaintiff showed that the licensee had a lease of the basement under the barroom, and that liquor was sold therein on certain Sundays, and defendant testified that he had nothing to do with the business in the basement, it was error to preclude his answering questions as to his having a subtenant in the basement, and as to who was in possession of the basement and did business there during that year, and as to the contents of the written agreement which he had with the occupant of the basement; the writing being in the custody of a person who was out of the state.

3. SAME—WITNESSES—CREDIBILITY—QUESTION FOR JURY.

   Where, in an action to recover the penalty of a liquor license bond because of illegal sales, the testimony of plaintiff is limited to that of the special agents, who were the purchasers, who give improbable testimony, and who are positively disputed by defendant as to every statement concerning him, and by the carpenter who built a door which they testified did not exist, the question of the credibility of such agents should be submitted to the jury.

Appeal from trial term, New York county.

Action by Patrick W. Cullinan, as state commissioner of excise of the state of New York, against Charles Furthman and the United States Fidelity & Guaranty Company. From a judgment for plaintiff, the defendants appeal separately. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Terence J. McManus, for appellant Furthman.

Moses Weinman, for appellant United States Fidelity & Guaranty Co.

Herbert H. Kellogg, for respondent.

LAUGHLIN, J. This action is brought against the principal and surety to collect the penalty on a bond given on the application of appellant Furthman for a liquor tax certificate, authorizing him to traffic in liquors on premises No. 2158 Eighth avenue, in the city of New York, for one year from the 1st day of May, 1898. The application was granted. The complaint charged, and evidence was offered by the plaintiff tending to show violations of the liquor tax law on Sunday, August 28, and Sunday, September 4, 1898, as follows: (1) In selling liquor in the basement of the premises under the barroom, with which there was an open connecting stairway; (2) in having door from street to said basement unlocked; and (3) in permitting

persons not members of the family of the licensee to enter said basement where liquor was being sold. Other violations of the liquor tax law, on Sunday, September 11, 1898, were charged and supported by evidence as follows: (1) In selling liquor in the barroom; (2) in having the door from the street to the barroom unlocked; (3) in permitting others than members of his family to enter the barroom; and (4) in having a partition across the barroom in such manner as to obstruct the view of persons in the barroom from the street in front.

At the close of the evidence the defendants moved for a dismissal of the complaint, and upon their motion being denied plaintiff moved for a direction of a verdict. The record shows that the court granted the motion on the ground that the evidence as to selling in the basement on August 28th and September 4th was uncontroverted. After the intention of the court to direct a verdict was announced, but before the verdict was taken or entered, the defendants' counsel asked to go to the jury upon the questions with reference to the alleged violations of the liquor tax law, and specifically upon the credibility of the special agents who gave the only testimony tending to show such violations. These requests were denied, and exceptions taken.

The requests to go to the jury were timely made, and if there was error in their refusal a new trial must be granted. Bank v. Weston, 161 N. Y. 525, 55 N. E. 1080, 76 Am. St. Rep. 283.

The verdict cannot be sustained on account of the alleged violations of the law on the first two Sundays; for the court erred, we think, in rejecting competent evidence offered by the defendants bearing upon that question. The plaintiff showed that the licensee had a lease of the basement, and that on the Sundays in question liquor was being sold there by a bartender who on week days was in the employ of the licensee in the barroom above. A sign appeared over the basement, "Chatauqua Club," and "Gustave Huegel, Billiard, Pool, and Shuffle Boards." The licensee testified that he had nothing to do with that business, and that he did not at any time in 1898 sell or allow liquor to be sold in the basement. On the objection as incompetent, the court precluded the licensee from answering a question as to whether he had in that year a subtenant in the basement, and sustained a general objection to the question, "Who did business in this basement?" and to the question, "Who, to your knowledge, was in possession of the basement underneath the store in the month of August, 1898?" The licensee also testified that he entered into an agreement in writing with Huegel concerning the basement; that he did not have the writing; that he turned it over to the tenant who succeeded him, who was at the time of the trial a resident of Vermont, and absent from the state. He was then asked to give the contents of that paper. This was objected to on the ground that it called for secondary evidence, and the objection was sustained. The licensee was then asked if he received any money from Huegel in 1898, for rent of the basement. That was objected to generally. The objection was sustained, and an exception taken.

We think it was error to exclude the evidence tending to show that the basement had been sublet, and was in the possession of Huegel as the licensee's tenant, as that would tend to show that Furthman

was not responsible for sales made in the basement. As the lease was only collaterally involved, secondary evidence of its contents was admissible.

The respondent seeks to uphold the verdict principally upon other grounds than those assigned by the court, and the rule is invoked that the judgment may be sustained upon any ground appearing in the record that would have justified the action of the court. Scott v. Morgan, 94 N. Y. 508; Marvin v. Insurance Co., 85 N. Y. 278, 39 Am. Rep. 657.

We are further of opinion that the testimony of the three special agents relating to the violations of the law was sufficiently contradicted and impeached to require that their credibility be submitted to the jury. One of these witnesses, Sandford, testified to violations on the three days. Waterman claims to have accompanied Sandford, and testified to violations on the first two Sundays. Adee claims to have accompanied Sandford on the third Sunday, and testifies to the same violations on that day. According to the testimony of these agents, the licensee was in the basement on the second Sunday, and they talked with him about its being hot there, and he said, if they would come around the following Sunday, he would have a place open for them upstairs, where it would not be so hot. One of them testified that a stairway between the basement and saloon was open, and there was no door on it. They testified that on the third Sunday they saw the licensee outside the saloon, and he directed them to the side door entering the barroom; that upon entering they ordered drinks, and were served by the bartender employed there on week days; that they passed down the inside stairway, which was open, to the basement, and back up again; that at this time the licensee had entered and was serving liquor to people in the barroom, and saw them served with some drinks; that there was a partition across the barroom, as already described. The licensee testified that he never saw any of these witnesses; that he never sold or allowed liquor to be sold in the basement; that he did no business on Sundays, and did not sell or allow liquor to be sold on the licensed premises during the prohibited hours or on Sunday during that year, and that he never was in the saloon on Sunday; that there was no partition across the barroom, as described by plaintiff's witnesses; that there was a door at the foot of the inside stairs cutting off communication with the basement; and that he personally closed and locked this door every Saturday night, and it so remained until the following Monday morning. A carpenter was called, and he testified that in the fall of 1897, on the employment of the licensee, he built a door at the foot of the inner stairway to cut off communication between the basement and saloon.

It is now well settled that a conflict in the evidence upon a material point requires the submission of a case to a jury. McDonald v. Railway Co., 167 N. Y. 69, 60 N. E. 282. It is equally well settled that, where a witness willfully testifies falsely to a material fact, the court or jury may reject his entire evidence. People v. Evans, 40 N. Y. 1; Pease v. Smith, 61 N. Y. 477; Deering v. Metcalf, 74 N. Y. 501. The credibility of witnesses whose testimony is substan-

tially impeached or contradicted is to be determined by the jury, and not by the court. McDonald v. Railway Co., supra; Williams v. Railroad Co., 155 N. Y. 158, 49 N. E. 672; 1 Am. & Eng. Enc. Law, p. 498; 1 Thomp. Trials, § 1038.

For these reasons the judgment should be reversed, and a new trial granted, with costs to appellants to abide the event. All concur.