In re HIRSCH'S ESTATE.

(Supreme Court, Appellate Division, First Department.   December 21, 1906.)

APPEAL—DISMISSAL—DECISIONS REVIEWABLE.

   An appeal from an order continuing an injunction restraining appellant from acting as executor will be dismissed, where, after the appeal was taken, but before it was argued, the letters testamentary issued to appellant were revoked, since the injunction was merely provisional pending the final determination as to the revocation of the letters.

Appeal from Surrogate's Court, New York County.

Proceedings to restrain Edward K. Jones from acting as executor and trustee of the estate of Ferdinand Hirsch, deceased, pending an application for the revocation of his letters testamentary.   From an order continuing an injunction granted, Jones appeals.   Dismissed.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Edward W. Hatch and David McClure, for appellant.
Lemuel E. Quigg, for respondents.

INGRAHAM, J.   This appeal was taken before the final order was entered revoking the letters testamentary and removing the appellant as trustee.   As we have concluded to affirm the decree of the surrogate revoking the letters testamentary, this appeal becomes unimportant.   101 N. Y. Supp. 893.

The respondents move to dismiss the appeal on the ground that, after the appeal was taken, but before it came on for argument, the surrogate had revoked the letters, and consequently no question was presented on this appeal.   In view of the other determination, this motion should be granted, as the injunction was merely provisional pending the final decree to determine whether the letters should be revoked and the appellant removed as trustee.   There is therefore no substantial question presented to the court for determination.

It follows that the appeal should be dismissed, without costs.   All concur.

APPLETON v. CITIZENS' CENT. NAT. BANK OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   December 21, 1906.)

1. BANKS AND BANKING—NATIONAL BANKS—POWERS—ULTRA VIRES CONTRACTS.

   Under Rev. St. U. S. 5136 [U. S. Comp. St. 1901, p. 3455], authorizing national banks to exercise such incidental powers as shall be necessary to carry on the business of banking by discounting notes, drafts, etc., a national bank, though having power, as incident to the discounting of a negotiable instrument, to guaranty the payment thereof on discounting the same, has no power to enter into a general contract of guaranty by which it becomes liable for the debt of another.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Banks and Banking, § 984.]

2. SAME.

   A state bank, at the request of a national bank, loaned $12,000 to a third person on his personal obligation.   The national bank guarantied the repayment of the loan.   The third person, pursuant to his previous agree-

ment with the national bank, paid to it $10,000 of the loan, though he was not indebted to it in any amount. *Held,* that the national bank's contract of guaranty was void as ultra vires, and no action could be maintained thereon.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Banks and Banking, § 984.]

Houghton, J., dissenting.

Appeal from Special Term, New York County.

Action by R. Ross Appleton receiver of the Cooper Exchange Bank, against the Citizens' Central National Bank of New York. From a judgment overruling a demurrer to the complaint, defendant appeals. Reversed and demurrer sustained, with leave to plaintiff to amend.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, CLARKE, and HOUGHTON, JJ.

John A. Garver, for appellant.
Roger V. Wood, for respondent.

INGRAHAM, J.   The complaint alleges that the Cooper Exchange Bank was a domestic corporation; that by the judgment of the Supreme Court it was duly dissolved and the plaintiff appointed the receiver thereof; that the defendant was a banking corporation incorporated under the national banking act of the United States; that "on or about the 4th day of January, 1904, the Cooper Exchange Bank, at the instance and request of one Mikael Samuels, trading under the name of Mikael Samuels & Co., and the Central National Bank of the city of New York, did loan and advance unto the said Mikael Samuels the sum of twelve thousand dollars ($12,000)"; that upon the said loan and advance of money said Samuels executed and delivered an instrument in writing whereby he acknowledged indebtedness to the said Cooper Exchange Bank of the sum of $12,000, and agreed to return or repay the same on or before four months after date, with interest, and the Central National Bank did then and there, in writing promise and agree, on the same day and year, and guaranty unto the said Cooper Exchange Bank the performance of the obligation before mentioned on the part of the said Samuels, and the said acknowledgment of debt by the said Samuels, and the said guaranty to pay the same by the said Central National Bank (defendant) were upon the loan of the said sum of $12,000 by the Cooper Exchange Bank, duly delivered and transferred to it, the said Cooper Exchange Bank. Then follows a copy of the guaranty, which is as follows:

"For and in consideration of one dollar and other good and valuable consideration, the Central National Bank of the City of New York, hereby guarantees to the Cooper Exchange Bank the payment at maturity of a loan of Twelve thousand dollars, made this day to Mikael Samuels & Co., by the Cooper Exchange Bank.

"The Central National Bank of the City of New York,
"By Edwin Langdon, Pres't."

It was further alleged that the said Samuels had previous to obtaining the said loan agreed with the defendant to pay to it the sum of $10,000 of the said sum of $12,000 so obtained, and that the said loan was obtained by the said Samuels and was guarantied by the defendant in

order that the defendant might obtain the said sum of $12,000, which it did receive, and that $1,000 had been paid on account by Samuels, and that the balance was unpaid.

The defendant demurred upon the ground that the complaint failed to state facts sufficient to constitute a cause of action, and seeks to sustain that demurrer upon the claim that this instrument of guaranty was ultra vires a national bank under the national banking act, having no authority to guaranty the debts of others even for a valuable consideration.  The Supreme Court of the United States has in a series of cases held that the United States statutes relative to national banks constitute the measure of the authority of such corporations, and that they cannot rightfully exercise any powers except those expressly granted, or which are incidental to carrying on the business for which they are established.  California Bank v. Kennedy, 167 U. S. 362, 17 Sup. Ct. 831, 42 L. Ed. 198; Concord First Nat. Bank v. Hawkins, 174 U. S. 364, 19 Sup. Ct. 739, 43 L. Ed. 1007.  In the first case it was held that:

"The doctrine of ultra vires, by which a contract made by a corporation beyond the scope of its corporate powers is unlawful and void, and will not support an action, rests, as this court has often recognized and affirmed, upon three distinct grounds:  The obligation of any one contracting with a corporation to take notice of the legal limits of its powers; the interest of the stockholders not to be subject to risks which they have never undertaken; and, above all, the interest of the public that the corporation shall not transcend the powers conferred upon it by law."  McCormick v. Market Nat. Bank, 165 U. S. 538, 17 Sup. Ct. 433, 41 L. Ed. 817.

It is not claimed that there is any express power give to national banks to guaranty the obligations of others, but it is claimed that such power is to be implied from the provisions of the national banking act (U. S. Rev. St. p. 993, § 5136 [U. S. Comp. St. 1901, p. 3455]), which gives to every bank created under the act power "to exercise by its board of directors, or duly authorized officers and agents, subject to law, all such incidental powers as shall be necessary to carry on the business of banking; by discounting and negotiating promissory notes, drafts, bills of exchange, and other evidences of indebtedness; by receiving deposits," etc.  In the case of People's Bank v. National Bank, 101 U. S. 181, 25 L. Ed. 907, the Supreme Court held that, where a national bank was the owner of promissory notes of a third party and procured them to be discounted by another national bank guarantying the payment of the notes, the agreement to be liable was not ultra vires, but was within the power granted to national banks by the foregoing provision.  The basis of this decision was that the act in handing over to another bank, with an indorsement of guaranty, a negotiable instrument, was one of the modes of transferring the securities named, and that under the circumstances of that case it was competent for the defendant to give the guaranty in question; and in the case of Cochran v. United States, 157 U. S. 286, 15 Sup. Ct. 628, 39 L. Ed. 704, this decision was followed.  In that case the note which was guarantied actually belonged to a national bank, and was transmitted by its president to the cashier of a New York bank by a letter which said, "We inclose a note of five thousand dollars, signed by Sayre & Clark, guarantied by us, which please place to our credit."  Upon the receipt of this letter the note was discounted by the New York bank for account of the

debtor bank, and the proceeds paid to the latter institution. These cases, I think, establish these propositions: That a national bank has no power to enter into a general contract of guaranty by which it becomes liable for the debts of others. It has, however, as incident to the negotiating or discounting of negotiable instruments and other instruments for the payment of money, when it negotiates such instruments by procuring the same to be discounted, the power to guaranty the payment of such instruments. The complaint does not allege that the defendant was the owner of or had any interest in the instrument on which Samuels obtained the loan from the Cooper Exchange Bank; nor did the Cooper Exchange Bank make any loan, or advance to the defendant, or purchase from the defendant, any negotiable instrument which it had acquired in the usual course of its business. The complaint alleges that the defendant requested the Cooper Exchange Bank to loan Samuels a sum of money, based upon Samuels' obligation to repay that loan of money to the Cooper Exchange Bank, and that, when the Cooper Exchange Bank loaned Samuels this sum of money upon his personal obligation to repay the loan to the Cooper Exchange Bank Samuels delivered to the Cooper Exchange Bank the instrument which was an agreement of the defendant to guaranty "the payment at maturity of a loan of $12,000 made this day to Mikael Samuels & Co. by the Cooper Exchange Bank." If the contract of guaranty was ultra vires, and therefore void, no action can be maintained upon it; and, as this action is based solely upon the contract of guaranty, no cause of action is alleged. Whether or not the plaintiff would be entitled to recover any sum from the defendant as money had and received, or upon any other theory, it is not necessary to determine; but the mere fact that Samuels paid $10,000 of the money that he had received from the Cooper Exchange Bank to the defendant can upon no principle validate a guaranty for the repayment in full of a loan made to Samuels of $12,000 which was beyond the power of the corporation to make. The amount that Samuels paid or agreed to pay the defendant for its guaranty is not material. It was as much beyond the power of the defendant to guaranty Samuels' debt on payment of $10,000 as on payment of $100, as it was not an incident of its business which it was authorized to conduct to guaranty Samuels' debts, nor is it necessary to determine upon this appeal whether the defendant would be liable if it was alleged that the arrangement was one entered into for the purpose of paying the indebtedness of Samuels to the defendant, as there is no allegation that Samuels was indebted to the defendant in any amount; the only allegation being that it was a part of the agreement between Samuels and the defendant that Samuels would pay $10,000 of the loan that he had received from the Cooper Exchange Bank to the defendant.

I think, therefore, that this complaint, based, as it is, exclusively upon the guaranty by the defendant of the indebtedness of Samuels, was ultra vires and that no cause of action is alleged.

It follows that the judgment appealed from must be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend the complaint within 20 days on payment of costs in this court and in the court below.

All concur, except HOUGHTON, J., who dissents.

HOUGHTON, J. (dissenting).   I agree to the proposition that national banks cannot engage in the business of guarantying obligations of third parties, and that such contracts are ultra vires.   I think, however, by fair intendment and inference, plaintiff's complaint alleges that the Cooper Exchange Bank loaned $12,000 to Samuels at the joint request of himself and this defendant, for the purpose of enabling him to pay to defendant $10,000 of such amount on an indebtedness owing by him to defendant, which was done as a part of the agreement of guaranty.   The ground of demurrer is that the complaint states no cause of action.   I think it states facts sufficient to permit a recovery of the $10,000 which the defendant received.   If the note had been for only $10,000 and all of the avails had been paid to the defendant, and defendant had guarantied the payment of the note, the transaction would have been wholly completed, and the defendant would not have been permitted to plead that its contract of guaranty was ultra vires.   After performance and acceptance of benefits a defendant corporation is estopped from interposing the defense that it had no power to make the contract which it benefited by.   Vought v. Eastern Building & Loan Association, 172 N. Y. 509, 65 N. E. 496, 92 Am. St. Rep. 761; Bowers v. Ocean Accident & Guaranty Company, Ltd., 110 App. Div. 695, 97 N. Y. Supp. 485.   The fact that the note was for $12,-000 and that judgment is demanded for that sum, less payments made by Samuels, I do not think changes the situation.   The defendant cannot keep the fruits of its act and insist that it had no right to act at all.

The plea of ultra vires is ordinarily a defense.   If there be instances in which the plea can be invoked to sustain a demurrer, I do not think this is one of them.

The interlocutory judgment should be affirmed.