FRANK MADOLE and Others, Suing on Behalf of Themselves and All Others Similarly Situated, Respondents, *v.* RICHARD E. GAVIN, Appellant, Impleaded with THOMAS C. MEADOWS and Others, Defendants.

Second Department, January 29, 1926.

**Pleadings — motion by one defendant under Rules of Civil Practice, rule 106, to dismiss complaint — complaint does not show defects claimed — motion denied.**

A motion by a defendant to dismiss the complaint, made under rule 106 of the Rules of Civil Practice, on the ground that the court has not jurisdiction of the subject of the action, that the complaint does not state facts sufficient to

constitute a cause of action, and that it appears on the face of the complaint that the plaintiffs have not legal capacity to sue, must be denied, for the alleged defects do not appear on the face of the complaint.

APPEAL by the defendant, Richard E. Gavin, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 25th day of November, 1925, denying said defendant's motion to dismiss the complaint on the ground that the court does not have jurisdiction of the subject of the action, that the complaint does not state facts sufficient to constitute a cause of action, and that it appears on the face of the complaint that the plaintiffs have not legal capacity to sue.

*Myron S. Short,* for the appellant.

*Charles W. Stapleton* [*Morris L. Golieb* with him on the brief], for the respondents.

KELLY, P. J. The complaint is framed so that it is impossible to ascertain from reading it what precise questions were litigated before the referee in bankruptcy in Delaware; who the objecting parties were, their relation, if any, to the plaintiffs in this action, or what was the exact decision of the referee in bankruptcy. Nor does the complaint state who the parties were who appealed from the referee's decision to the United States District Court, nor is the decree of that court in favor of the defendant Gavin before us. The appellant asserts in his points that one of the plaintiffs in this action was a party to the proceedings before the referee, and that he was the petitioner or one of the petitioners before the United States District Court. But there is nothing on the face of the complaint, in the case at bar, to show these things, or which would enable the court at Special Term, or this court, to determine the interesting questions as to the effect of these adjudications in Delaware or as to the jurisdiction of the State court to entertain this action. On a motion of this kind under rule 106 of the Rules of Civil Practice, every intendment and fair inference is in favor of the pleading. If the defendant, appellant, desires to have these questions of jurisdiction and *res adjudicata* decided on a motion such as this in advance of the trial, at which such matters might be presented (Civ. Prac. Act, § 279), they can only be decided with the record of the proceedings before the referee in bankruptcy, his decision, the petition and proceedings upon the appeal to the United States District Court and the decree of that court before the court at Special Term. We, therefore, affirm the order of the Special Term denying the defendant's motion for judgment on the pleadings, without costs, without passing upon the question of

jurisdiction or the effect of the decision of the referee in bankruptcy and of the Federal court in Delaware on these plaintiffs.

RICH, MANNING, KAPPER and LAZANSKY, JJ., concur.

Order denying defendant, appellant's motion for judgment on the pleadings affirmed, without costs.