GEORGE R. DYER and Others, Respondents, v. BROADWAY CENTRAL BANK, Appellant.*

First Department, March 1, 1929.

*Joseph J. Corn* of counsel [*Eisman, Lee, Corn & Lewine,* attorneys], for the appellant.

*Nathan L. Miller* of counsel [*H. Barlow Farr* with him on the brief; *Worcester, Williams & Saxe,* attorneys], for the respondents.

PROSKAUER, J.    The defendant, a corporation organized under the Banking Law, appeals from an order denying its motion to dismiss the complaint for insufficiency.    The plaintiffs allege that they are a firm of stock brokers and that they purchased certain common stock of corporations " for and on account " of and at the defendant's request and upon its promise to pay therefor.    The defendant reimbursed the plaintiffs for some of these purchases.    For others it refused to reimburse the plaintiffs, who thereupon sold the stock at a loss, which they seek here to recover.

The defendant attacks the complaint upon the ground that a bank cannot legally or within its powers engage in a transaction of the character described in the complaint.    The substantive law sustains this contention.    Section 106 of the Banking Law prescribes the general powers of a bank.    By subdivision 3 thereof a bank is permitted to purchase and hold any stocks or bonds or interest-bearing obligations of the United States or of the State of New York or of any city, county, town or village of this State, the interest on which is not in arrears.    By subdivisions 4 and 5 it is permitted to buy stock of a Federal reserve bank or of a safe deposit company under certain restrictions there prescribed.■    The purchase of common stock of industrial corporations is not only wholly beyond the power of a bank, but is distinctly contrary to public policy and in that sense illegal.

Banking is a business affected with a public interest.    (*Noble State Bank* v. *Haskell,* 219 U. S. 104.)    The statutes which prescribe the investments which a bank may make necessarily exclude from its powers the ability at its own risk to purchase other securities. The exercise of such an unwarranted power subjects a bank to a risk which the statute condemns as illegal.

It is urged on behalf of the plaintiffs that this question of substantive law cannot be determined upon this motion in the nature of a demurrer; that *ultra vires* and illegality are affirmative defenses to be pleaded.    It is, however, the settled law that where a contract affirmatively appears to be not only *ultra vires,* but one condemned by public policy, a court will on its own motion refuse to enforce it.

The specific suggestion is made on behalf of the plaintiffs, however, that a practice has arisen on the part of banks to purchase on behalf of their customers securities through members of stock exchanges and under circumstances which place no risk upon the bank. It is contended that since such facts might conceivably exist in the case at bar, we should as a matter of pleading hold the complaint good. We do not now decide whether this bank had power to act as an agent for a customer in this manner. The cases on this subject are summarized in Paton's Digest (Vol. 2, p. 1174). The conclusion of the author is " that as matter of law it is *ultra vires* a National Bank to act as agent in the purchase and sale of stocks and bonds or real estate securities either as matter of accommodation to a customer or in the conduct of a brokerage business on a commission basis." He notes a dearth of authority on the subject concerning the power of State banks, and concludes that unless the power to act as agent is expressly conferred by statute the same reasoning would probably apply. He does make the interesting reservation, however, that where a statutory power is granted to a bank to act as trustee, there may be inferred a power to purchase securities as agent for a customer. The New York statute (Banking Law, § 106) confers upon a bank the power to act as trustee in the same manner as a trust company may act " when specially authorized by the Superintendent of Banks." It does not appear whether this defendant was so specially authorized. We are confronted here with a question of pleading. We must determine whether, if special facts exist which remove the apparent taint of illegality from this contract and bring it within the powers of the bank, they should be pleaded in the complaint. A plaintiff is called upon to prove only what it alleges. If these plaintiffs proved every fact alleged in their complaint, they would, in the language of this complaint itself, show a contract by which they were to purchase these stocks " for and on account " of the bank. Upon this proof, in our view, a court would be compelled to dismiss the complaint because of the essential illegality of the transaction. The practice to which the plaintiffs' counsel directs our attention would be the basis not of the transaction alleged in the complaint, but of an entirely different transaction possibly involving other rights, duties and obligations. We definitely limit our holding here to the proposition that upon the allegations of this complaint the transaction is illegal. Most of the cases cited by the plaintiffs deal with transactions attacked only as *ultra vires* and not as illegal. In *Appleton* v. *Citizens' Central Nat. Bank* (116 App. Div. 404) it was squarely held in this court that a complaint would not stand

against demurrer where it appears on the face thereof that a bank was illegally exceeding its powers, and the claim that illegality had to be pleaded as a separate defense was expressly overruled. The reasoning in *Topken, Loring & Schwartz, Inc.,* v. *Schwartz* (249 N. Y. 206) confirms this holding.

We find no basis in the allegations of the complaint to sustain the claim that there was an unjust enrichment of the bank for which the plaintiffs would be entitled to recover on quasi-contract. So far as appears the bank received and retained nothing from the transaction.

While we hold the complaint to be insufficient, we think the plaintiffs should be given the right to plead over in order that they may have an opportunity to set up any specific facts upon which they may base their claim that the real contract was different from the one described in this complaint and one free from the infirmities which we here find.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs, with leave to the plaintiffs to serve an amended complaint within twenty days from service of the order to be entered hereon, upon payment of said costs.

DOWLING, P. J., MERRELL, FINCH and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiffs to serve amended complaint within twenty days from service of order on payment of said costs.