BEATRICE B. FRIEDMAN, Plaintiff, *v.* TITLE GUARANTEE AND TRUST COMPANY, Defendant.*

Supreme Court, Special Term, Kings County, February 29, 1936.

*Herrick & Feinstein* [*Samuel Silbiger* of counsel], for the plaintiff.

*Milbank, Tweed, Hope & Webb* [*Richard S. Holmes* of counsel], for the defendant.

SMITH, J. This is a motion, pursuant to rule 106 of the Rules of Civil Practice, to dismiss the first cause of action set forth in the amended complaint on the ground that it is insufficient in law.

The action is to rescind the purchase and sale of certain participation certificates in a mortgage upon unimproved real property and to recover the purchase price of such certificates. The basis of the action is that the guaranty of payment of the Bond and Mortgage Guarantee Company which accompanied the certificates was ineffectual and invalid, whereas defendant represented to plaintiff that it was valid. By reason of this misrepresentation plaintiff claims she was deceived and defrauded, and as soon as she learned of the misrepresentation she notified defendant of her election to

---

* See, also, *Anderson* v. *Title Guarantee & Trust Co.* (160 Misc. 881).

rescind the transaction and offered to return the certificates to defendant, and to credit it with all the interest payments theretofore received.

In support of their respective contentions, the parties have traced the history of the act (Laws of 1885, chap. 538) pursuant to which the Bond and Mortgage Guarantee Company was incorporated, and they have set forth at length the various amendments thereto and changes therein which were effected by subsequent legislative enactments. Plaintiff has endeavored to show that the Bond and Mortgage Guarantee Company was never invested with the power to issue a guaranty of payment upon a mortgage on unimproved property. Defendant has endeavored to show that such power was bestowed upon it. However, in the view I take of the case, it is unnecessary to determine this point.

Plaintiff, in substance, contends that the guaranty was ineffectual and invalid because it was unauthorized under the charter powers of the guarantor; in other words, that it was *ultra vires.* But conceding, for the purpose of this motion, that this be true, nevertheless the cause of action pleaded is insufficient. The mere fact that the contract entered into by the guarantor is *ultra vires* does not bar plaintiff from recovering thereon. As far as plaintiff is concerned, as the contract has been executed on her part and the guarantor has received the benefit of her performance, she may enforce the guaranty against it and the plea of *ultra vires* will be of no avail, particularly where such a defense would be unjust and inequitable and would result in a legal wrong to the plaintiff. (*Bath Gas Light Co.* v. *Claffy,* 151 N. Y. 24; *Vought* v. *Eastern Building & Loan Assn.,* 172 id. 508, 517; *State Bank of Commerce* v. *Stone,* 261 id. 175.)

" The doctrine of *ultra vires* when invoked for or against a corporation, should not be allowed to prevail where it would defeat the ends of justice or work a legal wrong." (*American Surety Co.* v. *Philippine Nat. Bank,* 245 N. Y. 116, 129.)

In the *Vought* case plaintiff brought an action against a corporation to recover upon its contract. The corporation interposed the defense that it had no authority under the provisions of its charter to enter into such a contract. The court said: " The only remaining question we deem it necessary to consider arises upon the contention of the defendant that it was unauthorized by the statute under which it was organized to make the contract in suit, and, hence, the plaintiff cannot recover. The defendant was organized under the provisions of chapter 122 of the Laws of 1851 and the statutes amendatory thereof and supplemental thereto. We deem it unnecessary at this time to determine whether the defendant was

authorized by that statute to enter into such contracts, for if we assume that the making of them was in excess of the express power conferred upon the corporation by that statute, still, as the contracts involved no moral turpitude and did not offend any express statute, they were not illegal in a sense that would prevent the maintenance of an action thereon. It is now well settled that a corporation cannot avail itself of the defense of *ultra vires* when the contract has been, in good faith, fully performed by the other party, and the corporation has had the benefit of the performance and of the contract. As has been said, corporations, like natural persons, have power and capacity to do wrong. They may, in their contracts and dealings, break over the restraints imposed upon them by their charters; and when they do so their exemption from liability cannot be claimed on the mere ground that they have no attributes nor facilities which render it possible for them thus to act. While they have no right to violate their charters, yet they have capacity to do so, and are bound by their acts where a repudiation of them would result in manifest wrong to innocent parties, and especially where the offender alleges its own wrong to avoid a just responsibility. It may be that while a contract remains unexecuted upon both sides, a corporation is not estopped to say in its defense that it had not the power to make the contract sought to be enforced, yet when it becomes executed by the other party, it is estopped from asserting its own wrong and cannot be excused from payment upon the plea that the contract was beyond its power."

Thus, it clearly appears that the guaranty of the Bond and Mortgage Guarantee Company, assuming it is unauthorized and *ultra vires*, is not, as to this plaintiff, ineffectual and invalid. If the guarantor were solvent and she brought suit upon the guaranty, the guarantor would not be permitted to avoid liability on the ground that the contract of guaranty was *ultra vires*. In fact, it may well be that the guarantor, if subjected to suit, would refrain from pleading *ultra vires* as a defense; and unless it did so it would be barred from urging it. (*Dyer* v. *Broadway Central Bank*, 252 N. Y. 430, 435; *Strodl* v. *Farish-Stafford Co.*, 145 App. Div. 406; *Hess* v. *Sloane*, 66 id. 522; affd., 173 N. Y. 616.)

There can be no question, therefore, that as to plaintiff the guaranty is valid and enforcible. The only bar to a recovery thereon is the insolvency of the guarantor.

Since the guaranty is not invalid and ineffectual, as alleged in the first cause of action, there was no misrepresentation, and the motion to dismiss is granted.