Jeannine C. Siek, an Infant, by Amable Beaudry, Her Guardian ad Litem, Plaintiff, *v.* William A. Siek, Jr., Defendant.

Supreme Court, Special Term, Albany County, July 22, 1949.

*Owen D. Connolly, Jr.,* for defendant.

*Nathan H. Richman* for plaintiff.

Taylor, J. The motion is to dismiss the plaintiff's complaint upon the ground that it does not state facts sufficient to constitute a cause of action. The action is for the annulment of the marriage of the parties upon the ground of fraud. Upon such a motion, only the complaint is before the court. The merits of the action cannot be passed upon and speculation may not be indulged as to what the proof may show on the trial. The allegations of the complaint must be taken at face value and every intendment and fair inference must be in favor of the pleading. (*Dyer* v. *Broadway Central Bank,* 252 N. Y. 430; *Madole* v. *Gavin,* 215 App. Div. 299.)

The plaintiff alleges that the defendant, in order to induce her to consent to the said marriage, represented that he loved and cared for the plaintiff, that he was able to furnish and would establish and provide a home and support for her and that the plaintiff entered into the marriage relying upon such representations. She further avers that such representations were false and untrue, that the defendant was not able to furnish and did not intend to establish a home and to support her, that he concealed the fact that he was not able so to do, that such representations were made for the purpose of inducing the plaintiff to enter into the marriage and that she believed that such representations were true and consented to the marriage by their inducement and had not such representations been made, she would not have consented to marry the defendant and that since

her discovery of the falsity of the representations, she has not cohabited with the defendant.

Marriage is a civil contract under the law of this State and may be annulled like other contracts where the consent of the party to it has been procured by fraud or the misrepresentation of a material fact. (*Shonfeld* v. *Shonfeld,* 260 N. Y. 477; *di Lorenzo* v. *di Lorenzo,* 174 N. Y. 467.) The fraud must go to the essence of the contract (*Washburn* v. *Washburn,* 62 N. Y. S. 2d 569) and protestations of love standing alone might not be sufficient. However, this complaint alleges fraudulent representations with respect to the furnishing and establishment of a home for the plaintiff and support for her, her reliance thereupon that they were made to induce the marriage and had she not believed that they were true when made, she would not have consented to it.

In *Shonfeld* v. *Shonfeld* (*supra,* pp. 479–480) the type of fraud required to vitiate the marriage contract was described in these words: " Any fraud is adequate which is ' material, to that degree that, had it not been practiced, the party deceived would not have consented to the marriage ' (*di Lorenzo* v. *di Lorenzo, supra,* p. 471), and is ' of such a nature as to deceive an ordinarily prudent person.' "

In *di Lorenzo* v. *di Lorenzo* (*supra,* p. 472) the rule was stated as follows: " The free and full consent, which is of the essence of all ordinary contracts, is expressly made by the statute necessary to the validity of the marriage contract. The minds of the parties must meet in one intention. It is a general rule that every misrepresentation of a material fact, made with the intention to induce another to enter into an agreement and without which he would not have done so, justifies the court in vacating the agreement. It is obvious that no one would obligate himself by a contract, if he knew that a material representation, entering into the reason for his consent, was untrue. There is no valid reason for excepting the marriage contract from the general rule."

Fraud in inducing one to marry in reliance upon an express promise to furnish and establish a home and to provide support which a defendant had no intention of keeping gives rise to a cause of action for annulment. That such is true is clearly indicated by the following language of CROUCH, J., in *Shonfeld* v. *Shonfeld* (*supra,* p. 482), " no public policy demands that prudent consideration of ability to fulfill the duty of support shall not have a legitimate place in the determination by a party of whether or not to marry."

Under the liberal rules of the practice and resolving in its favor every intendment and fair inference, I am persuaded that the complaint states facts sufficient to constitute a cause of action and for the reasons stated, the motion to dismiss it is denied, without costs.

Submit order accordingly.