Dobe, J.
Plaintiff, a wife and mother, brings this action for invasion of her privacy in violation of section 51 of the Civil Bights Law, which forbids the use of the name, portrait or picture of a person without his consent for advertising purposes or for purposes of trade.
The claimed violation of the statute is a pictorial article appearing in the magazine section of defendants’ publication, the text of which relates the story of a turret gunner of a Flying Fortress shot down over Linz, Austria, during World War II, and of his strange bequest of one rose a week to be delivered to plaintiff who it is alleged was only casually known to him.
Special Term denied defendants’ motion to dismiss the complaint for insufficiency; defendants appeal.
This is not, in our opinion, a proper case for dismissal of the complaint for insufficiency under rule 106 of the Buies of Civil Practice. On motion to dismiss under that rule, we are required to assume the truth of plaintiff’s allegations of fact; “ every intendment and fair inference is in favor of the pleading” and if “ in any aspect upon the facts stated the plaintiff is entitled to a recovery, the motion should be denied. ’ ’ (Dyer v. Broadway Central Bank, 252 N. Y. 430, 432 — 433). We should not go outside the pleading and the exhibit annexed thereto to determine the motion; the invariable rule should be applied to this case, as it is to all others, on similar motions.
Plaintiff alleges that the pictorial representation of her is fictitious and designed to create the impression and did that she accepted the rose and regarded the donor with romantic sentiment. Exhibit A annexed to the complaint and made part thereof, includes a pictorial representation of plaintiff tenderly cupping in her hands “ the one perfect rose ” referred to in the article, and apparently looking at the donor, a man not her husband, also shown in the pictures, and depicted in the story as her lover. Plaintiff, a matron married to another man, says she is thus depicted acting a part which she never in fact played. Plaintiff contends that the total dominant impression conveyed is basically not a true picture or representation of the actual salient facts, but dramatic fiction for trade purposes.
It is for the triers of the facts to determine whether the article and its surrounding illustrations were limited to reporting fairly *157 past or current events, whether it is educational or informative, or whether the primary purpose, as the complaint alleges, was to amuse and astonish the reading public, not for the legitimate purpose of disseminating news, but for ‘ ‘ purposes of trade ’ ’; viz., the publisher’s profits through increased circulation induced by such exploitation of plaintiff without her consent and against her will.
The learned Special Term held that the article read as a whole, together with the headings and the pictorial representations that accompany it, constitute a sensationalized version of facts embellished with matters drawn from the author’s imagination, and may well be found by the triers of the facts to go far beyond the scope of proper immunity pertaining to the publication of current or past news (Binns v. Vitagraph Co., 210 N. Y. 51). As a matter of law, the complaint cannot be stricken for insufficiency.
The order appealed from denying defendants’ motion to dismiss the complaint for insufficiency on the face thereof should be affirmed, with costs to the respondent.