■ AMERICAN SURETY COMPANY OF NEW YORK, Respondent, v. SANITARY SLEEP PRODUCTS CORP. et al., Appellants.— In an action to enforce an indemnity agreement, defendants appeal from an order of the Supreme Court, Kings County, dated August 23, 1960, denying their motion to dismiss the complaint pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice. Order affirmed, with $10 costs and disbursements. The indemnity agreement between the parties covers a bond for the performance of a contract made by defendant Sanitary Sleep Products Corp. with the United States of America, for the sale and delivery of certain goods. Clause " Second " of the indemnity agreement, in pertinent part, provides that: " the Indemnitor [defendants] will perform all the conditions of * * * said bond * * * and save the Company [plaintiff] harmless from and against every claim, demand, liability, loss * * * sustained or incurred by the Company by reason of having executed or procured the execution of said bond[s] or obligations, *and will place the Company in funds to meet same before it shall be required to make* payment " (emphasis supplied). The complaint alleges that the United States of America terminated the contract by reason of the default of defendant Sanitary Sleep Products Corp. in its performance and gave notice to said defendant and to the plaintiff " that said defendant would be held liable for excess costs to the Government " resulting from its repurchase of the goods at a higher price. Under the allegations of the complaint, which must be viewed in an aspect most favorable to the pleader (*Dyer* v. *Broadway Cent. Bank*, 252 N. Y. 430, 432), plaintiff " has become liable to the United States of America upon its

said bond ". The purpose of the quoted clause " Second " is not merely to save harmless against " every claim, demand, liability, loss " after it has arisen, but to indemnify the surety against future or anticipated liability. The language of the instrument is consistent with such intent. (Cf. *Belloni* v. *Freeborn*, 63 N. Y. 383, 388; *McArthur Bros. Co.* v. *Kerr*, 213 N. Y. 360, 365.) Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.