Arthur G. Klein, J.
In two canses of action plaintiff, who has been separated from her husband since 1958, seeks, by an amended complaint, the recovery of: (1) installments of past-due support for herself and her children pursuant to the terms of two separation agreements entered into in 1958, in the sum of $11,000, and such additional sums as may accrue before entry of judgment; and (2) punitive damages, to the extent of $150,000, because of his deliberate refusal to comply with the terms of the separation agreement.
The defendant admits the making of the separation agreements between the parties; otherwise, he denies the material allegations of the complaint.
By way of separate affirmative defense, he alleges the insufficiency in law of the second cause of action.
The plaintiff now moves for summary judgment on the first cause of action; the defendant, partially opposing her motion, cross-moves to dismiss the second cause of action.
The plaintiff’s motion involves differing sums for support for herself and children; for household help; for religious school tuition; for Summer camp in Bermuda; for gardening; for auto services and fuel; for medical and hospital bills, and for household repairs and replacements; all under various clauses of the separation agreements.
These items are denied by defendant both as to liability and amount, either in whole or in part, except that he admits that he owes her $1,644.39 for support.
Partial summary judgment is, therefore, granted in that amount. The remaining issues should be disposed of at trial.
In the second cause of action, plaintiff alleges that the defendant is a lawyer of substantial means, and well able to pay the various sums which he undertook to pay by the terms of the separation agreements.
The complaint continues, omitting adjectives and adverbs, that with intent to injure the plaintiff, defendant embarked on a scheme to frustrate the agreements, and to deprive plaintiff of the sums provided to be paid; in pursuance of his plan he boasted and threatened that he would force plaintiff to take legal action, knowing she would thereby be obliged to incur great expense and liability for attorney’s fees and would be financially unable to defray same; that if plaintiff sued, he would do every *758 thing in his power to defeat and delay same, and to keep the litigation alive forever, “ like the ‘ hundred years’ war ’
Pursuant to this scheme, it is alleged, he deliberately defaulted in payments required to be made to her under the agreements.
Plaintiff was thereafter forced to bring action against him for the recovery of sums due and was also forced to defend an action brought against her by a creditor.
It is then alleged that he interposed false affidavits and engaged in dilatory tactics with the purpose of impeding, delaying and frustrating the plaintiff in her prosecution of those actions, which eventually resulted in the entry of judgment in her favor in February, 1963, in the sum of $35,308.05, which was affirmed in the Appellate Division, and from which leave to appeal to the Court of Appeals was denied.
Further, in pursuance of his plan, it is alleged, defendant defaulted in the payment of taxes, insurance and interest on the mortgage on the property in which plaintiff resides, likewise in violation of the agreements, and threatened he would force her to lose, and be forced out of, her home; he also misrepresented to her that he was financially unable to make the payments required to be made by him; and she was obliged to institute an action against him for an injunction, requiring him to cure the defaults, which he eventually did cure before trial of the action.
By reason of the foregoing, it is alleged that plaintiff’s funds were exhausted, and she had to incur great debts for her support and that of her family, as well as counsel fees.
Finally, it is alleged that defendant used his wealth as a weapon to destroy plaintiff in body and spirit and designed to bring ridicule and shame upon her.
By reason thereof, she has suffered anguish and distress of mind and body and impairment of health.
The defendant’s acts were engaged in without regard to their adverse effects on the parties’ children.
Accordingly, the defendant “ should be and is liable to plaintiff for punitive damages in the sum of $150,000.”

1.

We begin, as we must, with the proposition that the complaint must be given the benefit of its fair intendment, as to the facts alleged, stripped of all its supererogatory adjectives and adverbs (Dyer v. Broadway Cent. Bank, 252 N. Y. 430 [1930]).
Nor are we presently concerned with whether plaintiff will be able to prove her allegations (Bowles v. Board of Educ., 20 A D 2d 780 [1st Dept., 1964]).
*759 We have come a long way from holding that because the allegations of a pleading may fit into no tidy pigeonhole recognized as a cause of action, it must be dismissed, even though it alleges, as does this complaint, a duty, a failure to perform that duty, and damage (Schuster v. City of New York, 5 N Y 2d 75 [1958] [negligence]; Advance Music Corp. v. American Tobacco Co., 296 N. Y. 79 [1946] [prima facie tort]).
The marriage contract is more than an ordinary contract between two parties. It has long been recognized as “an institution involving the highest interests of society ” and its control by law “based upon principles of public policy affecting the welfare of the people of the State ’ (Fearon v. Treanor, 272 N. Y. 268, 272 [1936].) The interests of society are no less involved in the support and upbringing of children and their proper surroundings.
One who perpetrates a fraud upon another in connection with entering into the marital relationship has long since been held accountable (Kujek v. Goldman, 150 N. Y. 176 [1896]). So here, where the willful defaults and frauds alleged to have been perpetrated upon others in suits on a separation agreement have resulted in damage to the plaintiff and the parties’ children.
The second cause of action is, therefore, sufficient in law; and the plaintiff is entitled, upon proof of the facts as alleged, to recover her litigation and other provable expenses.

2.

Under the rule of Walker v. Sheldon, a gross fraud aimed at the public generally and involving high moral culpability may be the subject of punitive damages (10 N Y 2d 401, 405 [1961]).
Here it is alleged that the defendant, an attorney, falsified affidavits submitted to the courts in an attempt to defraud the courts. If this is established at trial, it would be sufficient to bring the case within the rule of Walker v. Sheldon.
The cross motion to dismiss the second cause of action is accordingly denied.